Kevin G. Little, SBN 149818
Michelle L. Tostenrude, SBN 290121
**LAW OFFICE OF KEVIN G. LITTLE**
Post Office Box 8656
Fresno, California 93747
Telephone: (559) 342-5800
Facsimile: (559) 242-2400
E-Mail: kevin@kevinglittle.com

Attorneys for Plaintiff Mark Walsh

Golnar J. Fozi (Cal. Bar No. 167674)
Canaan J. Knapp (Cal. Bar No. 342184)
Fozi Dwork & Modafferi, LLP
5942 Priestly Drive, Suite 100
Carlsbad, California 92008
Tel: (760) 444-0039; Fax: (760) 444-0130
Email: gfozi@fdmattorneys.com
       cknapp@fdmattorneys.com

Attorneys for Defendants,
Bob Martin, Laures Stiles, Chauncey Lee,
and San Luis & Delta-Mendota Water
Authority

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK WALSH, an individual, | 1:23-cv-01774-JLT-BAM |
| Plaintiff, | |
| v. | STIPULATED PROTECTIVE ORDER |
| BOB MARTIN, DIRECTOR OF OPERATIONS AND MAINTENANCE FACILITIES; LAURES STILES, DIRECTOR OF HUMAN RESOURCES AND ADMINISTRATION; CHAUNCEY LEE, OPERATIONS AND MAINTENANCE MANAGER; SAN LUIS AND DELTA MENDOTA WATER AUTHORITY; UNKNOWN GOVERNMENT OFFICIALS, | |
| Defendants. | |

This Stipulated Protective Order is entered into by and between Plaintiff Mark Walsh and Defendants Bob Martin, Laures Stiles, Chauncey Lee, and San Luis & Delta-Mendota Water

Authority, by and through their respective attorneys of record. Plaintiff and Defendants are hereinafter collectively referred to as "the Parties." Reference is made to the following facts:

  A. The Parties possess financial, personnel, and proprietary information and other confidential information that they desire to keep confidential, which may be obtained through discovery in this case.

  B. The Parties wish to stipulate to a protective order sanctioned by this Court to protect such financial, personnel, and proprietary information, and other confidential information from unnecessary disclosure.

  The Parties, by and through their respective attorneys of record, STIPULATE AND AGREE to the following protective order:

1.  <u>PURPOSES AND LIMITATIONS</u>

  Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; E. D. Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.  <u>DEFINITIONS</u>

2.1 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

  2.2 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.8    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.9    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.10   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.11   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following

information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, or within 14 business days after the receipt of the written ranscript all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    If any Party disagrees with the "Confidential" or "Confidential – Attorneys/Experts Only" designation of any document, the Party so disagreeing shall, no later than 30 days after the date upon which the "Confidential" or "Confidential – Attorneys/Experts Only" document was produced and/or designated as such, notify by written notice, served on all Parties in the case, that the Party disagrees with the designation of the document as "Confidential" or "Confidential – Attorneys/Experts Only," and shall in the notice both identify the document at issue and state the reasons why the challenging Party disagrees with the particular designation of the document. The

5

Parties must then meet and confer and attempt to resolve the dispute informally. If the Parties are unable to resolve any document designation dispute informally, the dispute may be presented by motion to the Court by the Party challenging the designation of the document. Before the Court, the Party who has designated the document shall have the burden of proving that such document contains Confidential Discovery of a nature justifying the particular designation. Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Party's designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) Attorneys of records for the Receiving Party and their employees, outside legal support service personnel to whom the attorneys of record reasonably believe it necessary to show the documents for purposes of litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (d)  the court and its personnel;

  (e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

  (g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

 If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

  (a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

  (b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

  (c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

 If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL"

7

1 before a determination by the court from which the subpoena or order issued, unless the Party has
2 obtained the Designating Party's permission. The Designating Party shall bear the burden and
3 expense of seeking protection in that court of its confidential material – and nothing in these
4 provisions should be construed as authorizing or encouraging a Receiving Party in this action to
5 disobey a lawful directive from another court.

6 9.     <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS
7        LITIGATION</u>

8 In the case of discovery produced by any non-party pursuant to a subpoena or otherwise, all
9 such discovery shall be deemed confidential under this Order for a period of thirty days afer service,
10 during which period counsel for either party may designate such discovery as confidential, in whole
11 or in part, by written notice serviced upon all counsel of record.  Thereafter, all Parties who have
12 received such discovery shall stamp "Confidential" or "Confidential- Attorneys/Experts Only" or
13 words to that effect on the first page of each such document or other thing and each shall be deemed
14 confidential pursuant to this Order.

16 10.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>
17 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
18 Material to any person or in any circumstance not authorized under this Stipulated Protective Order,
19 the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized
20 disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)
21 inform the person or persons to whom unauthorized disclosures were made of all the terms of this
22 Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to
23 Be Bound" that is attached hereto as Exhibit A.

24 11.     <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
25        MATERIAL</u>

26 When a Producing Party gives notice to Receiving Parties that certain inadvertently produced
27 material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties
28 are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to

modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 141, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 141 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 141 unless otherwise instructed by the court.

13. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether

1  the Protected Material is returned or destroyed, the Receiving Party must submit a written

2  certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

3  by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material

4  that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,

5  abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected

6  Material.

7  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: May 22, 2024                                                  LAW OFFICE OF KEVIN G. LITTLE


                                                                     */s/ Kevin G. Little*
                                                                     Kevin G. Little
                                                                     Attorneys for Plaintiff Mark Walsh

Dated: May 22, 2024                                                  FOZI DWORK & MODAFFERI LLP


                                                                     */s/ Canaan Knapp*
                                                                     Golnar J. Fozi
                                                                     Canaan Knapp
                                                                     Attorneys for Defendants San Luis And Delta
                                                                     Mendota Water Authority; Bob Martin;
                                                                     Laures Stiles; Chauncey Lee

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on [date] in the case of **Mark Walsh v. Bob Martin et al, 1:23-cv-01774-JLT-BAM**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**ORDER**

Having considered the above stipulation and finding good cause, the Court adopts the signed stipulated protective order with the amendment that subsection (b) on page five is amended from "for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, or within 14 business days after the receipt of the written ranscript all protected testimony" to "for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, or within 14 business days after the receipt of the written transcript all protected testimony."

The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents subject to the protective order to be filed under seal must be accompanied by a written request which complies with Local Rule 141 prior to sealing. The party making a request to file documents under seal shall be required to show good cause for documents attached to a non-dispositive motion or compelling reasons for documents attached to a dispositive motion. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2009). Within five (5) days of any approved document filed under seal, the party shall file a redacted copy of the sealed document. The redactions shall be narrowly tailored to protect only the information that is confidential or was deemed confidential.

Additionally, the parties shall consider resolving any dispute arising under the protective order according to the Court's informal discovery dispute procedure.

IT IS SO ORDERED.

Dated:   **May 22, 2024**                    /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE